IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FITZROY ZIGGY WALKER, § § Plaintiff, § § V. § § U.S. BANK, ET AL., § § Defendants. § § | No. 3:21-cv-0758-L |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Defendants U.S. Bank and Friendly Chevrolet have filed Motions to Dismiss on all claims brought by Plaintiff Fitzroy Ziggy Walker, *see* Dkt. Nos. 8 & 9, which United States District Judge Sam A. Lindsay has referred to the undersigned magistrate judge for hearings if necessary and determination, *see* Dkt. No. 10.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant Defendants' motions to dismiss for failure to state a claim.

## Background

This case arises out of a consumer credit transaction Plaintiff Fitzroy Walker entered into with Defendant U.S. Bank to finance the purchase of a Chevrolet Silverado from the Defendant Friendly Chevrolet dealership in Dallas County, Texas on January 23, 2021. *See* Dkt. No. 3-1, ¶ 7, 9. Shortly thereafter, Walker sought to rescind both the vehicle purchase and the loan by sending U.S. Bank and Friendly

-1-

Chevrolet a "notice of recission" on January 26 and February 9, 2021, respectively, and by sending U.S. Bank a "debt validation letter." *Id*. ¶ 14-18.

After these notices went unanswered, On April 1, 2021 Walker filed this suit in federal district court, bringing claims for violations of (1) the Truth in Lending Act (TILA), 15 U.S.C. §§ 1635 and 1638; (2) the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692g; (3) the Gramm-Leach-Bliley Act (GLBA) Section 6802(b)(B); and (4) for common law defamation. *See id*.

Defendants then filed their motions under Federal Rule of Civil Procedure 12(b)(6) to dismiss all claims except the defamation claim. *See* Dkt. Nos. 8 & 9. Walker did not respond. On May 27, 2021, U.S. Bank filed a notice of Plaintiff's failure to respond to the motion to dismiss. *See* Dkt. No. 11. The undersigned now recommends that Defendants' motions should be granted.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true,

raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the

-4-

documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

## Analysis

### I. Walker's TILA Claims

Walker alleges that U.S. Bank violated Sections 1635 and 1638 of TILA by failing to rescind his purchase of the Chevrolet Silverado and by failing to make material disclosures required under the Act.

**1. The TILA and Regulation Z Recission Claim Should Be Dismissed**

Walker's Section 1635 and 12 C.F.R. § 226.1 claim fails as a matter of law, because these provisions do not give him a right of recission for his financed purchase of a vehicle.

Section 1635 of TILA provides that "in the case of a consumer credit transaction . . . in which a security interest . . . is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction." 15 U.S.C.A § 1635(a). Likewise, Regulation Z "gives consumers the right to cancel certain credit transactions that involve a lien on a consumer's principal dwelling, regulates certain credit card practices, and provides a means for fair and timely resolution of credit billing disputes." 12 C.F.R. § 226.1.

Walker argues U.S. Bank violated his right of recission under these provisions by "fail[ing] to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." But the only security interest mentioned in Walker's Complaint is that created to finance his purchase of a

Chevrolet Silverado, a vehicle which does not qualify as a "principal dwelling" under either statute.

Because Walker has not alleged any violation of TILA or Regulation Z in connection with a covered security interest, his claims should be dismissed.

**2. The TILA Disclosure Claims Should be Dismissed**

Walker's allegation that U.S. Bank failed to make disclosures required under Sections 1635 and 1638 also fails.

Under Section 1635, a creditor is required to clearly and conspicuously disclose the right of recission to an obligor, but only for transactions subject to this section. *See* 15 U.S.C. § 1635(a). As already discussed, Walker's financed purchase of a vehicle is not a transaction that falls within Section 1635's purview, and thus U.S. Bank's failure to provide Walker a notice of the right to recission cannot form the basis of a claim because Walker had no right of recission under Section 1635. Accordingly, this claim should be dismissed.

Section 1638 requires that, for any credit transaction other than an open-end credit plan, a creditor must disclose and explain to the borrower: the identity of the creditor, the amount financed, the finance charge, the annual percentage rate, the total of payments, the payment schedule, a statement confirming that a security interest has been taken in the purchased property, the amount of any late payment penalty, a statement regarding variable-rate transactions, and any pre-payment penalties. *See* 15 U.S.C. § 1638.

Walker refers to "those material violations of U.S.C. § 1638" in his Complaint but does not allege any facts stating which disclosure requirements U.S. Bank violated, or when, or how the violations occurred. This conclusory statement, devoid of any factual allegations, is insufficient to support a claim or survive a motion to dismiss. Moreover, the Motor Vehicle Retail Installment Sales Contract that Walker submitted as part of his Complaint, *see* Dkt. No. 3-1, Ex. A, includes all of the information required to be disclosed under Section 1638 in a conspicuous section helpfully labeled "Federal Truth-In-Lending Disclosures" on the first page.

Accordingly, Walker has failed to state a TILA claim.

## II. Walker's FDCPA Claim

Walker's claim that U.S. Bank violated the FDCPA by failing to respond to his debt verification request fails as a matter of law.

The FDCPA does not require a debt collector to respond by letter to a consumer's letter of dispute; the statute only requires that the collector cease collection until the debt is verified. *See* 15 U.S.C. § 1682g(b); *Bashore v. Resurgent Capital Services. L.P.*, 452 Fed.App'x 522, 524 (5th Cir. 2011). Walker neither alleges nor presents facts showing that U.S. Bank attempted to collect on any debt after receiving his debt validation request; he only complains that "U.S. Bank failed to take any action to respond properly to [his] debt validation letter." Dkt. 3-1 ¶ 21. Walker's claim is insufficiently supported by specific factual allegations that would permit the court to find he is entitled to relief.

Accordingly, Walker's FDCPA claim should be dismissed.

### III. Walker's GLBA Claim

Finally, Walker's claim that U.S. Bank violated the GLBA by disclosing his non-public personal information to non-affiliated third parties without his prior consent or waiver fails for the dual reasons that he has not offered any factual allegation supporting his claim and the GLBA does not give individuals the right to bring claims.

As discussed above, a complaint must contain more than mere conclusory statements of law to state a claim and survive a motion to dismiss. Walker does not identify what non-public personal information U.S. Bank shared, when or how it shared it, or what damages he suffered as a result. He offers only the conclusory statement that "[t]he disclosure of the Plaintiff's non-public personal information to non-affiliated third parties by US Bank without prior consent/waiver by the Plaintiff is a violation of the Plaintiff's privacy of information in conjunction with 15 U.S.C. § 6802(b)(B)." Dkt. No. 3-1 ¶ 26.

And, while the GLBA does prohibit financial institutions from disclosing non-public personal information to a non-affiliated third party without first notifying a consumer that direct such disclosures not to be made, federal courts have held that the statute does not provide for a private right of action when such violations occur. *See Wilson v. Deutsche Bank Tr. Co. Americas as Tr. for Residential Accredit Loans, Inc.*, No. 3:18-cv-854-D, 2019 WL 175078, at *4 (N.D. Tex. Jan. 10, 2019) ("Federal courts have determined that ... the GLBA, by [its] terms, [does] not create a private right of action."); *Hall v. Phoenix Investigations, Inc.*, No. 3:14-cv-665-D, 2014 WL

5697856, at *9 (N.D. Tex. Nov. 5, 2014) ("The text of GLBA indicates that Congress likely did not intend to afford a private right of action for violations of this law."); *Borinski v. Williamson*, 3:02-cv-1014-L, 2004 WL 433746, at *3 (N.D. Tex. Mar. 1, 2004) (holding that GLBA does not provide private right of action); *Lacerte Software Corp. v. Prof'l Tax Servs., L.L.C.*, 3:03-cv-1551-H, 2004 WL 180321, at *2 (N.D. Tex. Jan. 6, 2004) (same).

Because Walker has failed to state a claim under the GLBA, his claim should be dismissed.

## Recommendation

For the reasons explained above, the Court should grant Defendants U.S. Bank's and Friendly Chevrolet's motions and dismiss Plaintiff Fitzroy Ziggy Walker's claims under the Truth in Lending Act (TILA), 15 U.S.C. §§ 1635 and 1638, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 15 U.S.C. § 1692g, and the Gramm-Leach-Bliley Act (GLBA) Section 6802(b)(B).

DATED: November 1, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE