IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FITZROY ZIGGY WALKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 3:21-cv-758-L |
| V. | § | |
| | § | |
| U.S. BANK, ET AL., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Defendant U.S. Bank has filed a Motion to Dismiss on all remaining claims brought by Plaintiff Fitzroy Ziggy Walker, *see* Dkt. No. 17, which United States District Judge Sam A. Lindsay has referred to the undersigned magistrate judge for hearings if necessary and determination, *see* Dkt. No. 18.

For the reasons explained below, the Court should grant Defendant's motion to dismiss for failure to state a claim.

## Background

This case arises out of a consumer credit transaction that Plaintiff Fitzroy Walker entered into with Defendant U.S. Bank to finance the purchase of a Chevrolet Silverado from the Defendant Friendly Chevrolet dealership in Dallas County, Texas on January 23, 2021. See Dkt. No. 3-1, ¶ 7, 9. Shortly thereafter, Walker sought to rescind both the vehicle purchase and the loan by sending U.S. Bank and Friendly

-1-

Chevrolet a "notice of recission" on January 26 and February 9, 2021, respectively, and by sending U.S. Bank a "debt validation letter." *Id.* ¶ 14-18.

After these notices went unanswered, on April 1, 2021, Walker filed suit in federal district court, bringing claims for violations of (1) the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1635 and 1638; (2) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g; (3) the Gramm-Leach-Bliley Act ("GLBA") Section 6802(b)(B); and (4) for common law defamation. *See id.*

Defendant then filed motions under Federal Rules of Civil Procedure 12(b)(6) to dismiss all claims except the defamation claim. *See* Dkt. Nos. 8 & 9. Walker did not respond. On November 1, 2021, this Court issued its findings of fact, conclusions of law, and recommendation that the motions to dismiss be granted for all claims except the defamation claim. *See* Dkt. No. 14.

On November 15, 2021, U.S. Bank filed an objection to these findings, conclusions, and recommendations, contending that Walker's allegations regarding his reputation being damaged are not made solely in connection with his defamation claim, but also his claim for alleged violations of the Federal Debt Collection Practices Act. *See* Dkt. No. 15. On November 30, 2021, United States District Judge Sam Lindsay overruled U.S. Bank's objection and accepted the findings and conclusions of this Court, granting the motions to dismiss all claims except Walker's defamation claim against U.S. Bank. *See* Dkt. No. 16.

U.S. Bank then filed its motion under Federal Rule of Civil procedure 12(b)(6) to dismiss all remaining claims. *See* Dkt. No 17. Walker did not respond. The undersigned now recommends that U.S. Bank's motion be granted.

## Legal Standards and Analysis

I.    12(b)(6) Failure to State a Claim

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted,"

*Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322

(2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

Walker's defamation claim fails as a matter of law because he fails to plead the elements of a defamation claim. Under Texas Law, the elements of a defamation claim are "(1) the publication of a false statement of fact to a third party, (2) the statement must concern the plaintiff and be defamatory, (3) the publication must be made with the requisite degree of fault, and (4) the publication must cause damages." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724 (5th Cir. 2019) (citing *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015)). Whether a statement is defamatory is a question of law. *See Hill v. Optum*, No. 2:17-cv-775-D, 2017 WL 2378299, at *3 (N.D. Tex. June 1, 2017). Therefore, the plaintiff must give the "specific nature of what was

said," as well as the substance of the false statement so that the court may examine its connotation. *Id.*

The status of the person allegedly defamed determines the requisite degree of fault. A private individual need only prove negligence, whereas a public figure or official must prove actual malice. See *Lipsky*, 460 S.W.3d at 593. Neither Walker nor U.S. Bank contend that Walker is a public figure.

U.S. Bank moves to dismiss this claim, asserting that the Complaint is insufficiently pled. Specifically, U.S. Bank argues that the Complaint is completely devoid of allegations that U.S. Bank published a defamatory statement that was false and acted with negligence concerning the truth of such statement. The undersigned agrees.

Walker's Complaint contains only conclusory allegations that he suffered actual damages for defamation of character by the defendant. *See* Dkt. No. 3-1, ¶ 28(g). The Complaint fails to plead the elements of a defamation claim. Walker does not explain the specific nature of what was said, nor does he give the substance of the false statement to the Court. *See Hill*, 2017 WL 2378299, at *3. Without any facts to discern the specific nature of what was said, there is no basis on which the Court can infer a defamatory meaning that would allow Walker to recover from U.S. Bank. Merely stating that actual damages occurred due to defamation, without pointing to any statement that U.S. Bank made, fails to plead a plausible claim. *See Twombly*, 550 U.S. at 570.

II.    <u>Federal Preemption Under FCRA</u>

U.S. Bank further requests that the Court dismiss Walker's claim with prejudice, arguing that it is preempted by section 1681h(e) of the FCRA. "Federal preemption is an affirmative defense that a defendant must plead and prove." *Fisher v. Halliburton*, 667 F.3d 602, 609 (5th Cir. 2012). "Unless the complaint itself establishes the applicability of a federal-preemption defense—in which case the issue may properly be the subject of a Rule 12(b)(6) motion—a defendant should ordinarily raise preemption in a Rule 12(c) motion for judgment on the pleadings or a Rule 56 motion for summary judgment." *Id.* (internal citation omitted). Here, the Court may consider this defense because the applicability of FCRA preemption appears on the face of Plaintiff's complaint. *See id.*; *see also Barzelis v. Flagstar Bank, F.S.B.*, No. 4:12–CV–611–Y, 2013 WL 3762893, at *2 (N.D. Tex. Feb. 19, 2013) ("Therefore, if [the plaintiff's] allegations on their face are preempted by [federal law], the Court may dismiss those claims under Rule 12(b)(6).").

Section 1681h(e) provides that "no consumer may bring any action or proceeding in the nature of defamation … with respect to the reporting of information against … any person who furnishes information to a consumer reporting agency … except as to false information furnished with malice or willful intent to injure such consumer." Because "the FCRA does not define malice," the Fifth Circuit has "applied the common-law standard," which requires the plaintiff to show that the defendant "published the false statements about [him] knowing the statements were false or

with reckless disregard of whether they were false." *Morris v. Equifax Information Servs., LLC*, 457 F.3d 460, 471 (5th Cir. 2006).

In the case at hand, this means the FCRA preempts Walker's defamation claim unless he has sufficiently pleaded facts showing that U.S. Bank knowingly or recklessly published false information about him. *See, e.g.*, *Young v. Equifax Credit Information Servs., Inc.*, 294 F.3d 631, 638 (5th Cir. 2002) (affirming summary judgment where plaintiff failed to produce competent evidence of malice); *see also Henry v. Cap. One Bank (USA), N.A.*, No. 3:17-cv-2962-M-BK, 2018 WL 4346727, at *5 (N.D. Tex. Aug. 9, 2018) (quoting *Licata v. Wells Fargo Dealer Servs., Inc.*, 2013 WL 12155020, at * 2 (S.D. Tex. Oct. 31, 2013) (internal quotations omitted)) ("For the purposes of FCRA preemption, pleading 'malice' requires the plaintiff to plead that the defendant made the statements knowing the statements were false or with a reckless disregard of whether they were false."), *rep. & rec. adopted*, 2018 WL 4335834 (N.D. Tex. Sept. 11, 2018).

In his Complaint, Walker states that his reputation was damaged by U.S. Bank's failure to act or respond to the debt validation and letter of recission. Dkt. No. 3 at 4. Ostensibly in support of this allegation, Walker attaches a copy of a credit report showing his credit score lowered in February of 2021. *See* Dkt. No. 3, Ex. E.

But Walker fails to plead any facts showing that U.S. Bank shared information with any credit agency; that any information shared was false; or that U.S. Bank shared the information with malice or intent to injure him. Because Walker failed to state a plausible defamation claim, his claim should be dismissed.

And, because Walker fails to plead that U.S. Bank acted with malice or willful intent to injure him, his defamation claim is preempted by 15 U.S.C.A. § 1681h(e). Accordingly, the undersigned recommends that his claim be dismissed with prejudice.

## Recommendation

For the reasons explained above, the Court should grant Defendant U.S. Bank's motion and dismiss Plaintiff Fitzroy Ziggy Walker's common law defamation claim with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 28, 2022

DAVID L. HORAN

UNITED STATES MAGISTRATE JUDGE